## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MILFORD THOMAS WASHINGTON, | * | |
| Reg. No. 1084114 a/k/a Tessumah Nuballa, | | |
| USMS No. 36167-037 | * | |
| Petitioner | * | |
| v | * | Civil Action No. DKC-14-2013 |
| BUREAU OF PRISONS | * | |
| Respondent | * | |
| | *** | |

## **MEMORANDUM**

On June 23, 2014, the court received correspondence from Milford Washington a/k/a Tessumah Nuballa, a prisoner currently in the custody of the Commonwealth of Virginia and housed in Chesapeake, Virginia. The letter was construed as a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. 2241. ECF No. 1. Washington claims that he is about to complete his Virginia sentence and begin serving his federal sentence of four months imposed by this court in *United States v. Nuballa*, Criminal No. AW-00-139. He indicates that his commitment sheet fails to award him time spent awaiting trial on the federal charges. *Id*.

Subject matter jurisdiction of a § 2241 habeas corpus petition lies in the federal district court where Petitioner is incarcerated or in the federal district court where Petitioner's custodian is located. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89 (1973). Petitioner is confined in Chesapeake, Virginia, and his custodian, or the person who has the day-to-day responsibility for his custody, is the warden of the Virginia facility. Therefore, this court finds that

jurisdiction of the instant action lies in Virginia, not in Maryland.  As such the Petition shall be dismissed without prejudice.[1]

A separate Order follows.


Date:   June 24, 2014                                             /s/
                                                    DEBORAH K. CHASANOW
                                                    United States District Judge

---

[1] Additionally, Petitioner is advised that after a federal district court sentences an offender, the Attorney General, through the Bureau of Prisons, not the court, has the responsibility for administering the sentence and determining what if any jail time is to be credited against the federal sentence. *See United States v. Wilson*, 503 U.S. 329, 335 (1992); *see also See United States v. Montez-Gaviria*, 163 F.3d 697, 700-01 (2nd Cir. 1998) ( "The Bureau of Prisons, and not the courts, determines when a defendant's sentence starts and whether the defendant should receive credit for any time spent in custody.")  As Petitioner is not yet in federal custody the Bureau of Prisons has not had the occasion to determine whether any jail credit will be awarded.  If Petitioner disagrees with the Bureau's determination he would need to exhaust administrative remedies regarding his sentence calculation before brining suit in the federal court in the jurisdiction where he is then detained.